IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2002

## STATE OF TENNESSEE v. JAMES ROOSEVELT FLEMING, aka "WOO"

**Direct Appeal from the Circuit Court for Tipton County**
**No. 3835     Joseph H. Walker, III, Judge**

---

**No. W2001-01835-CCA-R3-CD  - Filed February 7, 2002**

---

The defendant was convicted of three counts of delivery of .5 grams or more of cocaine, a Schedule II controlled substance, and one count of simple possession of cocaine. The trial court imposed an effective sentence of twenty-six years. On appeal, the defendant argues that his sentences were excessive and the trial court erred in imposing consecutive sentencing. After a careful review of the record, we affirm the judgment of the trial court but remand for entry of corrected judgments in Counts 2 and 3.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgments

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Frank Deslauriers, Covington, Tennessee, for the appellant, James Roosevelt Fleming.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, James Roosevelt Fleming, was convicted by a Tipton County jury of three counts[1] of delivery of .5 grams or more of cocaine, a Schedule II controlled substance, Class B felonies, and one count of simple possession of cocaine, a Class A misdemeanor. A fifth count for possession of drug paraphernalia was dismissed upon motion by the State. Finding the defendant to be a Range II, multiple offender, the trial court sentenced the defendant to two concurrent fourteen-year sentences for the first two delivery convictions. For the third delivery conviction, the trial court sentenced the defendant to twelve years to run consecutively to the two concurrent

---

[1] The conviction offenses in Counts 2 and 3 were omitted from the judgment forms. We remand this matter to the trial court for entry of corrected judgments in Counts 2 and 3, reflecting the defendant's conviction for delivery of .5 grams or more of cocaine, a Schedule II controlled substance, in each count.

fourteen-year sentences. For the simple possession conviction, the trial court sentenced the defendant to eleven months, twenty-nine days at 75% release eligibility, which was to run consecutively with the two concurrent fourteen-year sentences. In total, the trial court imposed an effective sentence of twenty-six years.[2]

In this appeal as of right, the defendant argues that his fourteen- and twelve-year sentences were excessive and should not be served consecutively.

Having reviewed the entire record, we conclude that the trial court properly sentenced the defendant and did not err in imposing consecutive sentences. The judgment of the trial court is affirmed, and the matter is remanded to the trial court for entry of corrected judgments in Counts 2 and 3.

## DISCUSSION

At the time of the sentencing hearing, the defendant was a twenty-eight-year-old high school graduate who had a lengthy criminal record. The defendant's prior record shows he has been either in jail or out on parole for much of his adult life. The defendant denied any current use of illegal drugs but admitted to some use of drugs in the past. The defendant also admitted he consumes alcohol on a weekly basis. He stated he has never sought nor received any psychiatric treatment or counseling for his substance abuse problems. The defendant has never been married, has no dependent children, and has never worked.[3]

The defendant has an extensive criminal record that spans his adulthood. According to the presentence report, the defendant had the following prior convictions.[4] On May 25, 1999, he was convicted of possession of a controlled substance and sentenced to eleven months, twenty-nine days, which was suspended to two days, and was ordered to pay a $250 fine. On November 17, 1998, the defendant was convicted of resisting arrest and received a thirty-day suspended sentence. On April 23, 1998, the defendant was convicted of speeding and was ordered to pay a $50 fine and costs. On April 7, 1998, the defendant was convicted of speeding and was ordered to pay a $5 fine and costs. On July 14, 1993, the defendant was convicted of reckless endangerment with a deadly weapon and sentenced to one year. On that same date, the defendant was convicted of other crimes related to the same event, including one count of possession of a weapon, two counts of aggravated assault, and one count of possession of over .5 grams of cocaine with intent to deliver. The circuit court sentenced him to one year for possession of a weapon, seven years for each count of aggravated assault, and eight years for possession of cocaine with intent to deliver. On April 26, 1991, the

---

[2] At the sentencing hearing held on May 2, 2000, the defendant also pled guilty to a new charge of possession of .5 grams or more of cocaine with intent to deliver, a Class B felony, under Docket No. 3909. For this conviction, the trial court imposed an agreed-upon concurrent fourteen-year sentence, and the defendant is not appealing this sentence.

[3] This background information is set out in the presentence report.

[4] All of the defendant's prior convictions occurred in Tipton County.

defendant was convicted of assault and was given a ninety-day suspended sentence. On January 22, 1991, the defendant was convicted of disorderly conduct and was given a thirty-day sentence which was suspended to two days.

The defendant did not testify about the instant offenses at the sentencing hearing. However, the district attorney general called the defendant to the stand to inquire about the new charge of possession of .5 grams or more of cocaine with intent to deliver under Docket No. 3909, to which the defendant pled guilty at the sentencing hearing. The defendant testified that on November 3, 1999, he and Cedrick Mason were stopped by the police on Munford-Giltedge Road. The defendant said that Mason threw a package of cocaine out of the vehicle as it was moving, although the defendant claimed he did not know it was cocaine at the time of the incident. The defendant stated that he threw "a little piece" of cocaine out of the vehicle as well.

## ANALYSIS

### Standard of Review

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

### Consecutive Sentence

The defendant argues that his effective sentence of twenty-six years is excessive and that his twelve-year sentence should run concurrently, rather than consecutively, with his concurrent fourteen-year sentences.

At the sentencing hearing, the trial court determined the suitable sentencing range for the defendant. The defendant had an extensive criminal record, which included, *inter alia*, two drug convictions, a conviction for reckless endangerment with a deadly weapon, and two aggravated assault convictions. Given this prior record, the trial court properly sentenced the defendant as a multiple offender. Tenn. Code Ann. § 40-35-106(a) (1997).

The trial court then considered whether enhancement and mitigating factors were applicable to the defendant's sentence. Tenn. Code Ann. §§ 40-35-113 and -114 (1997). In the absence of enhancement or mitigating factors, the presumptive sentence for a Class B, C, D, or E felony "shall be the minimum sentence in the range." Tenn. Code Ann. § 40-35-210(c) (Supp. 1999); see State v. Black, 924 S.W.2d 912, 916 (Tenn. Crim. App. 1995). However, if there are both enhancement and mitigating factors, then the court should begin with the minimum sentence in the range, appropriately increase the sentence within the range for the applicable enhancement factors, and then appropriately decrease the sentence within the range for the applicable mitigating factors. Tenn. Code Ann. § 40-35-210(e) (Supp. 1999); see Black 924 S.W.2d at 917. The weight given to an applicable enhancement or mitigating factor "is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996) (citations omitted). While section 40-35-210 provides some guidance for determining a sentence with mitigating and enhancement factors, there is no mathematical formula of evaluating the enhancement factors to calculate the appropriate sentence. Id.

Taking into account the defendant's lengthy criminal record, the trial court held that enhancement factor (1) applied to this case: "The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1) (1997). In applying factor (1), the court gave particular weight to the defendant's prior drug convictions and circuit court convictions. The trial court also found that mitigating factor (1) applied to this case: "The defendant's criminal conduct neither caused nor threatened serious bodily injury." Tenn. Code Ann. § 40-35-113(1) (1997). Based on the record, we conclude that the trial court properly applied enhancement factor (1). As for the application of mitigating factor (1), our supreme court declined, in State v. Ross, 49 S.W.3d 833, 848 (Tenn. 2001), to apply a *per se* rule as to whether Tennessee Code Annotated Section 40-35-113(1) should be applied automatically in a cocaine possession case, determining that the "factor focuses upon the defendant's *conduct* in committing the crime." Here, the facts are not sufficiently developed in the record for us to determine whether this mitigating factor was properly applied by the trial court. However, that does not prevent our review of the sentences.

In State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991), this court reiterated the degree of deference that should be given to a trial court's sentencing decision:

> Under the 1989 Act, this Court must presume the trial court's determinations to be correct. If appellate review reflects that the trial court, by following the statutory sentencing procedure, imposed a lawful sentence, after having given due consideration and proper weight to the factors and principles which are relevant to sentencing under the Act, and that the trial court's findings of fact upon which the sentence is based are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result.

We conclude that the trial court made detailed findings of fact when sentencing the defendant as a Range II, multiple offender and when applying enhancement factor (1) and mitigating factor (1) to his sentence. In addition, the trial court adhered to sentencing principles and followed the appropriate statutory law. We further conclude the trial court ordered "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4) (1997).

The defendant specifically argues that the trial court's decision to sentence him consecutively resulted in an excessive sentence. According to the statute, the ordering of consecutive sentences is purely discretionary; however, the trial court must find by the preponderance of the evidence that at least one of seven criteria is met. See Tenn. Code Ann. § 40-35-115(b) (1997). Since the seven criteria are stated in the alternative, only one need exist to support the appropriateness of consecutive sentencing. Id. In addition, mere evidence of an extensive criminal record will uphold a consecutive sentence. State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997).

Here, based on the defendant's lengthy prior record, the trial court applied criterion (2): "The defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b)(2) (1997). The presentence report shows that the defendant's prior record includes, *inter alia*, two drug convictions, a conviction for reckless endangerment with a deadly weapon, and two aggravated assault convictions. Taking into account the defendant's extensive record, the trial court ordered the defendant's twelve-year sentence to run consecutively to his concurrent fourteen-year sentences. We conclude that the trial court did not err in applying criterion (2). Based on the record, the trial court followed the proper statutory procedures and sentencing principles and made the necessary findings of fact. Therefore, we conclude that the trial court's decision to impose consecutive sentencing was proper. See Tenn. Code Ann. § 40-35-401(d) (1997).

In his brief, the defendant argues that the trial court improperly considered evidence that led to his consecutive sentence. Although there is contrary evidence in the record, the defendant claims that he was not out on bond when he committed the offense under Docket No. 3909. He argues that the State failed to prove that he was out on bond at that time and that the trial court erroneously considered this evidence when it imposed consecutive sentences. We find this argument without merit. The record clearly shows that the defendant was, in fact, out on bond for the instant offenses when he committed the offense under Docket No. 3909. Moreover, the record shows that the trial court solely relied on the defendant's extensive criminal record, under Tennessee Code Annotated

Section 40-35-115(b)(2), in imposing consecutive sentences. Regardless of whether the defendant was out on bond when he committed the offense under Docket No. 3909, the defendant's prior record provided the trial court with more than sufficient reason to impose consecutive sentences.

## CONCLUSION

After reviewing the record, we conclude that the trial court did not err in imposing consecutive sentences and properly sentenced the defendant to an effective sentence of twenty-six years. We remand the matter to the trial court for entry of corrected judgments in Counts 2 and 3 to specify the offenses of which the defendant was convicted. In all other respects, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE